UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

v.

HERBERT MONTGOMERY,

                       Defendant.

Case # 16-CR-6091-FPG

DECISION AND ORDER

## INTRODUCTION

On May 11, 2020, Defendant Herbert Montgomery filed an Emergency Motion for Compassionate Release. ECF No. 80. Defendant requests that the Court reduce his sentence to time served because of the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic. *Id.* The Government opposes the Motion. ECF No. 83. For the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND

On October 14, 2016, Defendant pleaded guilty to one count of conspiring to possess with the intent to distribute, and to distribute, 100 grams or more of heroin in violation of 21 U.S.C. § 846—a charge that carries a mandatory minimum term of imprisonment of five years and a maximum term of forty years. ECF Nos. 63, 64, 65; 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. Defendant was sentenced on September 18, 2017 to 100 months in the custody of the Federal Bureau of Prisons ("BOP") and four years' supervised release. ECF Nos. 75, 76. Defendant is projected to be released on August 18, 2023. ECF No. 84 at 1.

**LEGAL STANDARD**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Courts may reduce previously imposed terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), often referred to as compassionate release. Defendants may bring motions under Section 3582(c)(1)(A) if they have satisfied a statutory exhaustion requirement.[1] *Id.* The Court may grant relief if it finds that (1) "extraordinary and compelling reasons warrant [the] reduction" and (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* If these elements are satisfied, the Court is to consider the sentencing factors set forth in Section 3553(a). *Id.* §§ 3553(a), 3582(c)(1)(A). In analyzing these elements and factors, "[d]istrict courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *United States v. Tagliaferri*, No. 13-CR-115, 2019 WL 6307494, at *3 (S.D.N.Y. Nov. 25, 2019). If the Court grants such a motion, it may reduce the defendant's term of imprisonment and may correspondingly impose a term of probation or supervised release, with or without conditions, provided that such a term does not exceed the unserved portion of the original term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).

**DISCUSSION**

In this case, even if Defendant could establish that extraordinary and compelling reasons warrant a reduction and it would be consistent with the applicable Sentencing Commission policy statement, a sentence reduction would not be warranted. Defendant has not presented any evidence that causes the Court to reconsider its prior evaluation of the factors set forth in Section 3553(a).

---

[1] The Government does not dispute that Defendant has satisfied the statutory exhaustion requirement. ECF No. 83 at 2–3.

Under Section 3553(a), a court must consider the following factors when it imposes a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range [provided for by Sentencing Commission guidelines and policy statements];
> (5) any pertinent [Sentencing Commission policy statement];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court weighed these factors when it imposed Defendant's original term of imprisonment. Accordingly, the Court's task here is not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429–30 (S.D.N.Y. 2020) (internal quotation marks omitted) (discussing legislative history of provision). In other words, the issue is whether the original Section 3553 factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Id.* at 430–31.

Defendant claims that COVID-19 and his preexisting conditions support his motion for compassionate release. ECF No. 80 at 2. Defendant is forty-one and suffers from hypertension and asthma. *Id.* at 2; ECF No. 86 at 5. He also claims to suffer from high cholesterol, to have sickle cell trait, and to be borderline diabetic. ECF No. 80 at 2–3. Even assuming these conditions are sufficient to raise his risk of COVID-19 infection or complications,[2] Defendant has not proffered evidence reflecting the degree of increased risk he faces in prison relative to the risk he would face if the Court were to order his release. *See United States v. Veras*, No. 19-CR-10, 2020 WL 1675975, at *4 (M.D. Pa. Apr. 6, 2020) ("[T]he potential for exposure exists anywhere in the community, not just in jail . . . .").

Defendant is currently incarcerated in Kentucky at USP McCreary, a high security U.S. penitentiary that houses 1,307 inmates. ECF No. 84 at 1; *USP McCreary*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/mcr/ (last visited July 13, 2020). There is no evidence that inmates are currently infected with COVID-19 at USP McCreary. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/coronavirus/ (last visited July 13, 2020) (noting one staff member is infected, one inmate was infected but recovered, and one staff member recovered); ECF No. 83 at 8–9; ECF No. 84 at 1. Accordingly, Defendant has not shown that he faces a greater risk of infection inside USP McCreary than he would face if he were released.[3]

---

[2] The Government disputes the severity of Defendant's medical conditions. ECF No. 83 at 7–8; *see, e.g.*, ECF No. 84-2 at 3–4, 36 (medical records appearing to show that Defendant is not positive for sickle cell trait).

[3] Defendant might face a greater risk of infection if released given that he intends to live with his daughter, a registered nurse working at a hospital (in Defendant's words, "on the front line"). ECF No. 80 at 3; ECF No. 82 at 2. Defendant acknowledges that he "might be safer in [prison] with this pandemic going on." ECF No. 86 at 6.

Without evidence suggesting the risk he faces while incarcerated is greater than the risk he would face if released, the threat of COVID-19 does not cause the Court to reevaluate the Section 3553(a) sentencing factors. COVID-19 does not "warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Gold*, No. 15-CR-330, 2020 WL 2197839, at *1 (N.D. Ill. May 6, 2020) (internal quotation marks omitted); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *cf. United States v. Seshan*, No. 14-CR-620, 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (collecting cases in which courts denied compassionate release to inmates with serious medical conditions).

In support of his motion, Defendant also cites his completion of classes related to various subjects and claims he has two jobs waiting for him upon release. ECF No. 80 at 2–3; ECF No. 86 at 2–3. Defendant further expresses a desire to become a positive force in his community in various ways. ECF No. 86 at 6. The Court commends Defendant for his studies and his desire to become a productive member of society upon his release. Defendant's efforts weigh in his favor, but these considerations do not outweigh the factors that supported and continue to support his original sentence. Defendant's initial offense was serious—Defendant participated in a conspiracy to distribute heroin that involved thirteen other co-defendants and that lasted two years. ECF No. 79 at 4. Further, Defendant has a lengthy criminal history and admits that he has continued to have disciplinary issues while in BOP's custody. ECF No. 79 at 5; ECF No. 80 at 2; ECF No. 84 at 1–2 (noting Defendant's eight disciplinary incidents, including citations in 2019 and 2018 for possession of a dangerous weapon and a citation in 2018 for fighting with another person).

The Court recognizes that the situation Defendant finds himself in is of serious concern: as an inmate, he has far less control over his environment and is far more reliant on correctional officials to ensure his safety during the pandemic. "A just punishment should not include an unacceptable risk of exposure to COVID-19 or any potentially lethal disease." *United States v. Vence-Small*, No. 3:18-CR-31, 2020 WL 2214226, at *4 (D. Conn. May 7, 2020). But neither should the uncertainty engendered by the present crisis be allowed to distort or subvert a just punishment. Defendant has not demonstrated that a reduction in his sentence is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release, ECF Nos. 80, 82, is DENIED.

IT IS SO ORDERED.

Dated: July 14, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court